## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIN & FEATHER CHALETS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6082** |
| **SOUTHERN ENERGY HOMES, INC., ET AL** | **SECTION: "G"(3)** |

### ORDER AND REASONS

This litigation arises out of Plaintiff Fin & Feather Chalets, LLC's purchase of two mobile homes that were damaged during Hurricane Isaac. Plaintiff originally filed this action in state court, but Defendants Southern Energy Homes, Inc. and NTA, Inc. removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] After removal of this case, Plaintiff filed a motion to remand,[2] asserting that this Court lacks subject matter jurisdiction because there is not complete diversity between the parties. After considering the motion, the memorandum in support,[3] the memoranda in opposition,[4] the record, and the applicable law, the Court will deny the motion.

### I. Background

#### A.    Factual Background

Plaintiffs allege that on or about August 28, 2012, Hurricane Isaac "made landfall . . . caus[ing] significant damage to . . . Plaintiff's Rental Properties," which were two mobile homes purchased by Plaintiff from Defendant Discount Sales, Inc.[5] Plaintiff alleges that the price of each

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 7

[3] Rec. Doc. 7-2.

[4] Rec. Docs. 9, 10.

[5] Rec. Doc. 1-1 at 3.

of the two mobile homes purchased was $36,200.[6] According to Plaintiff, Defendant Discount Sales had advertised the homes as being able to withstand winds of up to 140 miles per hour.[7] Furthermore, according to Plaintiff, "Hurricane Isaac's winds never reached, exceeded, or came close to one hundred forty (140) miles per hour."[8] However, Plaintiff alleges that Hurricane Isaac caused "significant structural damage to [Plaintiff's] Rental Properties."[9] Plaintiff maintains that the mobile homes purchased were "defective in both [their] design and manufacture," that Defendants "fraudulently and falsely represented that the Rental Properties did not contain the defects," and that Defendants "acted fraudulently by informing [Plaintiff] at the time of purchase that its Rental Properties could sustain wind loads of one hundred forty (140) miles per hour."[10]

## B.    Procedural Background

On August 28, 2013, Plaintiffs filed suit in Louisiana state court, bringing claims for redhibition, violation of the Louisiana Unfair Trade Practices Act, negligence, negligent or intentional misrepresentation, violation of the Louisiana Product Liability Act, detrimental reliance, breach of contract, and fraud.[11] Plaintiff brings each of these claims against Southern Energy Homes, Inc. ("Southern Energy"), a corporation domiciled in Alabama; Discount Sales, Inc. ("Discount Sales"), a corporation domiciled in Mississippi; Landry Mobile Home Transporters, Inc. ("Landry"), a corporation domiciled in Louisiana; NTA, Inc. ("NTA"), a corporation domiciled in Indiana; and

---

[6] *Id.* at 4.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.* at 6–9.

ABC Transport Corporation ("ABC Transport"), a fictitious corporation allegedly domiciled in Louisiana. Landry was terminated as a defendant on January 7, 2014.[12]

On October 8, 2013, Defendants Southern Energy and NTA removed this case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[13] In their Notice of Removal, Defendants aver that the amount in controversy exceeds $75,000.00, exclusive of interest and costs and that there is complete diversity between Plaintiff, a Louisiana company, and all Defendants because Defendant Landry, a Louisiana corporation, was improperly joined.[14]

On November 7, 2013, Plaintiff filed a motion to remand to state court.[15] On November 25, 2013, Defendant Discount Sales filed an opposition to Plaintiff's motion to remand.[16] On November 26, 2013, Defendants Southern Energy and NTA also filed an opposition to Plaintiff's motion to remand.[17]

## II. Parties' Arguments

### A. Plaintiff's Motion to Remand

In its motion to remand, Plaintiff argues that there is a "lack of complete diversity" between the parties because Plaintiff asserts "[o]n information and belief" that ABC Transport "is a properly joined defendant domiciled in Louisiana."[18] Plaintiff claims that it "has asserted a reasonable

---

[12] Rec. Doc. 11.

[13] Rec. Doc. 1.

[14] *Id.* at 1–2.

[15] Rec. Doc. 7.

[16] Rec. Doc. 9.

[17] Rec. Doc. 10.

[18] Rec. Doc. 7-2 at 1.

possibility of recovery against ABC Transport."[19] As such, Plaintiff argues that "[t]his cause [sic] was therefore improperly removed to this Court."[20] Additionally, Plaintiff asserts that Plaintiff's counsel "has contacted counsel for Discount Sales, [sic] in an attempt to ascertain the name and domicile of ABC Transport," but that "Counsel for Discount Sales has not, or will not provide the requested information."[21]

## B. Discount Sales' Opposition to Motion to Remand

In its opposition to Plaintiff's motion to remand, Discount Sales argues that "[t]he citizenship of defendants sued under fictitious names must be disregarded for the purposes of removal jurisdiction under 28 U.S.C. § 1332."[22] For this proposition, Discount Sales cites 28 U.S.C. § 1441(b)(1), which reads, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." "Therefore," according to Discount Sales, "the purported citizenship status of ABC is irrelevant for the purposes of removal jurisdiction in this case."[23] As such, Discount Sales argues that "Plaintiff's Motion to Remand must be denied," citing to the unpublished Fifth Circuit case of *Kemp v. CTL Distribution, Inc.*[24]

Additionally, Discount Sales argues that Plaintiff has no reasonable possibility of recovering from ABC Transport or Landry, which was still a party to the action at the time Discount Sales filed

---

[19] *Id.* at 2.

[20] *Id.*

[21] *Id.* at 1.

[22] Rec. Doc. 9 at 2.

[23] *Id.* at 3.

[24] *Id.* (citing *Kemp v. CTL Distrib. Inc.*, 440 Fed. Appx. 240 (5th Cir. 2011)).

its opposition.[25] According to Discount Sales, "Plaintiff's Petition alleges merely that ABC and/or Landry may have 'transported' the modular homes to and 'assembled' them on [Plaintiff's] property and failed disclose [sic] that the homes could not withstand 140-mph winds."[26] However, according to Discount Sales, "Plaintiff had no contract with ABC or Landry."[27] Furthermore, according to Discount Sales, "Plaintiff has no evidence of any negligence in ABC's or Landry's 'transportation' or 'assembly' of the homes."[28] Discount Sales also argues that "as a transporter/installer, ABC or Landry had [sic] owed no duty and had no responsibility regarding the homes' alleged defects or the alleged warranties or representations made by [other Defendants]." Discount Sales concludes that "Plaintiff cannot recover from ABC or Landry under its redhibition, unfair trade practices, negligence, misrepresentation, products liability, reliance, contract, or fraud claims."[29]

**C. Southern Energy and NTA's Opposition to Motion to Remand**

Southern Energy and NTA argue that "the citizenship or domicile of a fictitious defendant is disregarded for removal purposes."[30] Southern Energy and NTA conclude by asserting that because "Plaintiff has not asserted a 'reasonable possibility' of recovery against Landry," and because "the citizenship of defendants sued under fictitious names (ABC Transport) must be disregarded for the purposes of removal jurisdiction under 28 U.S.C. § 1332," "[P]laintiff's Motion

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at 5.

[30] Rec. Doc. 10 at 2.

to Remand [should] be denied."[31]

## II. Law and Analysis

### A.    Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[32] The removing party bears the burden of demonstrating that federal jurisdiction exists.[33] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[34] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and remand the case.[35] When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[36]

### B.    Diversity of Citizenship

"In *Strawbridge v. Curtiss*, the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332. Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[37] Under 28 U.S.C.

---

[31] *Id.* at 3.

[32] *See* 28 U.S.C. § 1441(a).

[33] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[34] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[35] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 868, 872 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

[36] *Manguno*, 276 F.3d at 723.

[37] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

§ 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

Additionally, the improper joinder doctrine "allows a court to find jurisdiction over a matter even where complete diversity does not exist on both sides of the controversy."[38] Under Fifth Circuit precedent, to establish a claim for improper joinder, "the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[39] Under this second prong, which is the one at issue in this case, a district court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[40] "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, *unless* that showing compels dismissal of all defendants."[41]

Under *Smallwood v. Illinois Central Railroad Co.*, a court may determine if no reasonable basis of recovery exists in one of two ways:[42]

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully

---

[38] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

[39] *Id.* (citation and internal quotation marks omitted).

[40] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[41] *McDonal*, 408 F.3d at 183.

[42] *Smallwood*, 385 F.3d at 573.

few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[43]

"The purpose of the inquiry must be whether or not there is a possibility of recovery against the local defendant."[44]

## C.    Analysis

In their memoranda in opposition to Plaintiff's motion to remand, Defendants explain that the two defendants that would appear non-diverse, Landry and ABC Transport, do not in fact destroy this Court's jurisdiction. Defendants note that ABC Transport is a fictitious corporation and that under 28 U.S.C. § 1441(b)(1), the citizenship of fictitious corporations is not to be considered in determining whether complete diversity exists between the parties.

However, at least one judge in the Eastern District of Louisiana has articulated an exception to 28 U.S.C. § 1441(b)(1). In *Tompkins v. Lowe's Home Center, Inc.,* the district court held, "When plaintiffs' allegations give a definite clue about the identity of a fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant."[45] Similarly, a district court sitting in a different circuit found that consideration of an unknown defendant's citizenship might be appropriate if "the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court."[46] However, as explained in another matter heard in the Eastern District of Louisiana, "in each case where a court has considered the citizenship of a

---

[43] *Id.* (internal citations omitted).

[44] *McDonal*, 408 F.3d at 184.

[45] 847 F.Supp. 462 (1994) (citing *Green v. Mutual of Omaha*, 550 F.Supp. 815, 818 (N.D. Cal. 1982)).

[46] *Marshall v. CSX Transp. Co.*, 916 F.Supp. 1150, 1152 (M.D. Ala. 1995).

fictitious defendant in granting a motion for remand, the identity of the defendant has been revealed by the time of the filing of the motion."[47]

Unlike those cases that considered the citizenship of a fictitious defendant, here the identity of the fictitious defendant is not known. Plaintiff claims that one of the Defendants, Discount Sales, is withholding this information from it. However, Plaintiff has not pointed to any formal interrogatory and/or information request it has put forth to ascertain the identity of the fictitious defendant. Plaintiff has not made an effort to demonstrate that Discount Sales has attempted to hide the identity of the party. Based on Plaintiff's failure to show bad faith by any of Defendants, the Court finds that 28 U.S.C. § 1441(b)(1) applies. According to § 1441(b)(1), a fictitious defendant is to be ignored for the purposes of determining diversity of citizenship. Therefore, ABC Transport, the allegedly fictitious Louisiana defendant, does not destroy diversity of citizenship here, and the Court will have jurisdiction over this matter as long as all the other requirements for jurisdiction under  28 U.S.C. § 1332 are met. For the matter to be remanded to state court, a motion to amend Plaintiff's complaint that indicates the true identity of the unknown party should be filed or at least some showing made by Plaintiff that Defendants refuse to disclose the true identity of ABC Transport.

Since "subject matter delineations must be policed by the courts on their own initiative,"[48] the Court will consider whether Landry, who is not now a party to this litigation but was at the time of removal, destroys complete diversity even though Plaintiff does not raise this argument in its motion to remand.

---

[47] *Culbertson v. Shelter Mut. Ins. Co.*, No. Civ. A. 97-1969, 1997 WL 610869, at *5 (E.D. La. Sept. 30, 1997).

[48] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Implementing the 12(b)(6) standard for evaluating improper joinder articulated by the Fifth Circuit in *Smallwood*, the Court finds that Plaintiff fails to allege a plausible claim against Landry. Stated otherwise, there is no reasonable basis for predicting that state law would allow Plaintiff to recover against Landry under any of the legal theories it articulates. As Defendant  Discount Sales points out in its memorandum in opposition, Plaintiff has failed to articulate the contract Landry entered into with Plaintiff that would provide the basis for Plaintiff's breach of contract or breach of warranty claims. Moreover, Plaintiff fails to articulate in its complaint what duty Landry owed to Plaintiff to warn of defects, and when and how Landry made misrepresentations and/or promises to Plaintiff about the mobile homes Plaintiff purchased. Thus, Plaintiff's complaint fails to allege facts that are basic to claims of misrepresentation, fraud, and detrimental reliance. Nor, as pointed out in Discount Sales' memorandum in opposition, does Plaintiff explain how Landry committed negligence in the transportation or assembly of the home. There is not even enough information in Plaintiff's complaint to show that Landry, in fact, transported and/or installed the mobile homes. Furthermore, as a transporter/installer, Landry owed no duty and had no responsibility to Plaintiff under the Louisiana Unfair Trade Practices Act, the Louisiana Products Liability Act, and Louisiana law on redhibition for the mobile homes' alleged defects. Thus, it does not appear that there is a possibility of recovery by Plaintiff against Landry on the basis of the state law claims alleged in Plaintiff's complaint. Accordingly, the Court finds that Landry was improperly joined in this action, although noting Landry, at this time, is no longer a party.

### III. Conclusion

Federal courts are courts of limited jurisdiction, and thus "removal statute[s] should be strictly construed in favor of remand."[49] In this case, Defendants have the burden of proving that

---

[49] *Manguno*, 276 F.3d at 723.

complete diversity exists in this case.[50] The Court finds that Defendants have shown that complete diversity does, in fact, exist in this action. ABC Transport, a Louisiana corporation, does not destroy complete diversity because it is a fictitious corporation. Under U.S.C. § 1441(b)(1), the citizenship of fictitious corporations is not to be considered in determining whether complete diversity exists between parties. Moreover, the fact that Landry, a Louisiana corporation, was a defendant in this action at the time of removal does not destroy complete diversity because Landry was improperly joined. Considering that Defendants have shown that neither ABC Transport nor Landry destroy this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and all other parties appear to be diverse,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand to state court[51] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  2nd  day of June, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[50] *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[51] Rec. Doc. 7